**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Kevin M. Merck,

        Plaintiff,

v.

Minnesota Supreme Court, Minnesota
Court of Appeals, Minnesota District
Court Second, Ramsey County, and
Washington County,

        Defendants.

Civ. No. 18-3246 (DWF/BRT)

**REPORT AND RECOMMENDATION**

---

BECKY R. THORSON, United States Magistrate Judge.

    This matter is before the Court on Plaintiff Kevin M. Merck's Complaint for Violation of Civil Rights (Doc. No. 1, Compl.) and his Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2, IFP Application). For the following reasons, the Court recommends that this action be dismissed with prejudice.

    After reviewing the IFP Application, the Court concludes that Merck qualifies financially for IFP status. That said, an IFP application will be denied, and an action dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *see also Carter v. Schafer*, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited

to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the complaint's factual allegations and draw all reasonable inferences in Plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). The complaint's factual allegations need not be detailed, but must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing a complaint's sufficiency, the court may disregard legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

     The Complaint's gravamen concerns Merck's attempts to contest actions taken to enforce certain child-support obligations. Based on materials Merck has submitted and public online records from the Minnesota courts, it appears that Merck was the respondent in an action seeking child support filed in January 2000 and closed in March 2000. *Jones v. Merck*, Register of Actions, Case No. F5-00-0060 (Minn. Dist. Ct.). That action's docket does not reveal the case's outcome, but it apparently left Merck with a child-support obligation. In July 2018, the Child Support Unit of Washington County Community Services issued a Notice of Support Judgment Levy to U.S. Bank, indicating that Merck was more than $45,000 behind in child-support payments and requesting that the bank freeze an account belonging to Merck. (Doc. No. 4, Notice of Support Judgment Levy, *attached to* Letter from Kevin Merck to Court (Dec. 7, 2018) ("Merck Letter").)

On September 3, 2018, Merck filed a motion in Ramsey County District Court seeking dismissal of the child-support action for lack of subject-matter jurisdiction. (Doc. No. 4, Mem. and Mot. to Dismiss for Lack of Subject Matter Jurisdiction, *Jones v. Merck*, Case No. F5-00-0060 (Minn. Dist. Ct. Sept. 3, 2018), *attached to* Merck Letter.) The district court sent Merck a deficiency notice stating that his motion did not conform with Rules 303.01–.03 of the Minnesota Rules of General Practice. Order 2, *Jones v. Merck*, Case No. A18-1618 (Minn. Ct. App. Oct. 10, 2018), *available at* http://macsnc.courts.state.mn.us (last accessed Dec. 18, 2018) ("October 2018 Order"); *see also* Minn. R. Gen. Prac. 303.01–.03 (providing family-court rules for scheduling motions, motion form, and motion practice). Merck did not refile his motion in district court, choosing instead to appeal the motion's denial to the Minnesota Court of Appeals. October 2018 Order 1. The Court of Appeals dismissed the appeal, noting that Merck could refile his dismissal motion in district court and that "[b]ecause the district court has not yet ruled on the merits of [Merck's] motion to dismiss, appellate review is premature." *Id.* at 2. The Court of Appeals also noted various failures of Merck to comply with the Court of Appeals's own procedural rules. *Id.* at 1. Merck tried to appeal to the Minnesota Supreme Court, but the state's Office of the Clerk of the Appellate Courts refused to accept his filing because it failed to follow proper appellate procedure. Letter from Office of the Clerk of the Appellate Courts to Kevin Merck (Oct. 17, 2018), *available at* http://macsnc.courts.state.mn.us (last accessed Dec. 18, 2018).

Merck has now filed suit in federal court, naming as Defendants the Ramsey County District Court, the Minnesota Court of Appeals, the Minnesota Supreme Court,

and Washington and Ramsey Counties. (Compl. 1.) The Complaint asserts a cause of action under 42 U.S.C. § 1983 – specifically, that Defendants have "den[i]ed [Merck] due process of law." (*Id.* at 4.) For relief, he seeks various forms of injunctive relief and demands repayment of child-support payments previously seized from him. (*Id.* at 5.)

For at least two reasons, the Complaint fails to state a cause of action under § 1983. First, Merck names no individual defendants, opting instead to name five governmental entities. The Eighth Circuit has recognized that in general, government officials cannot be sued under § 1983 for injuries inflicted solely by their employees or agents "on a respondeat superior theory of liability." *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (quoting *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Merck's claims against governmental entities must therefore meet the requirements of so-called official-capacity claims.[1] Liability attaches for such claims only if "the violation resulted from an official municipal policy, an unofficial custom, or a deliberately indifferent failure to train or supervise an official or employee." *Bolderson v. City of Wentzville*, 840 F.3d 982, 985 (8th Cir. 2016) (citing *Atkinson v. City of Mountain View*, 709 F.3d 1201, 1214 (8th Cir. 2013)). The Eighth Circuit has detailed the parameters of each type of official-capacity liability, *see, e.g.*, *Brewington v. Keener*, 902 F.3d 796, 800–02 (8th Cir. 2018); *Bolderson*, 840 F.3d at 985–86, but fulsome review of that material is unnecessary here. The Complaint lacks any allegations about the sort of

---

[1]    Merck purports to bring claims against the Defendants in their individual capacities. (*See* Compl. 2–3 (checking boxes for both "[i]ndividual capacity" and "[o]fficial capacity" for all Defendants).) But governmental entities do not have a standalone "individual capacity" in which § 1983 litigants can sue them.

4

policy, custom, or failure to train that can ground governmental liability. (*See* Compl. 6 (allegations regarding facts underlying Merck's claims).)² As a result, the Complaint fails to state a cause of action under § 1983.

Second, even if Merck could fix this pleading problem, his Complaint has an underlying substantive flaw. He claims that he has been denied "due process of law" by the Minnesota courts' handling of his jurisdictional challenge to certain child-support proceedings. (Compl. 4.) Indeed, he asserts that the Minnesota district court and the Minnesota Court of Appeals "refused" to enter a ruling on his motion. (*Id.*) But this misstates what happened in the earlier proceedings. What actually happened is that the Minnesota district court denied his jurisdictional motion on procedural grounds; he failed to follow the Minnesota Rules of General Practice. Rather than fix those problems and refile, Merck immediately appealed. And then, the Minnesota Court of Appeals did not "refuse" to address his jurisdictional motion, but instead dismissed his appeal because (1) the district court had never issued a substantive ruling on Merck's dismissal motion, and (2) because his appeal papers were themselves procedurally flawed.

---

²     Even if Merck were to name specific individuals, certain Defendants named here would likely have other dispositive defenses. For instance, any state-court judges Merck might name may well have judicial immunity against the sort of damages claims Merck seeks to press, and to the extent he sues the judges in their official capacities with the State of Minnesota, the sovereign-immunity principles of Eleventh Amendment case law may grant them relevant immunity as well. *See, e.g.*, *Woodworth v. Hulshof*, 891 F.3d 1083, 1090–92 (8th Cir. 2018) (discussing judicial immunity); *McDeid v. Johnston*, No. 18-CV-1350 (SRN/LIB), 2018 WL 6204968, at *4 (D. Minn. Nov. 5, 2018) (discussing Eleventh Amendment principles; citing cases), *report and recommendation adopted sub nom. McDeid v. Johnson*, 2018 WL 6201729 (D. Minn. Nov. 28, 2018). The Court notes these issues not to prejudge any points, but merely to warn Merck that simply fixing the names of the Defendants may not solve the Complaint's problems.

Given this backdrop, Merck's due-process claim amounts to a claim that he has a due-process right to demand rulings on state-court motions that do not follow generally applicable state-court procedures. Unsurprisingly, the established elements of due-process claims undercut Merck's argument. Merck does not specify whether his claims concern procedural or substantive due process, but neither suffices. Establishing a procedural due process violation requires a "show[ing] that the state infringed on a cognizable liberty interest." *Swipies v. Kofka*, 419 F.3d 709, 713 (8th Cir. 2005). Such interests can come from two sources: the Fourteenth Amendment's Due Process Clause itself or the laws of the states. *Senty-Haugen v. Goodno*, 462 F.3d 876, 886 (8th Cir. 2006) (citing *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). Merck has done nothing to show that the Due Process Clause or any state laws establish a cognizable liberty interest in making courts issue rulings on motions for which the movant fails to follow state procedural rules.

As for substantive due process, establishing a violation of that right requires that the claimant "show evidence of a constitutionally protected property interest and that governmental officials used their power in such an arbitrary and oppressive way that it shocks the conscience." *Azam v. City of Columbia Heights*, 865 F.3d 980, 986 (8th Cir. 2017) (internal punctuation marks and brackets omitted). Merck may have a property interest in the monies sought from him in the state-court child-support action (or already taken from him as a result of it). But this Court need not decide the point, for it is not at all conscious-shocking that courts would demand that state-court movants trying to

reverse child-support obligations must follow generally applicable procedural rules. Merck's argument thus fails as a matter of substantive due process.

In summary, the Complaint fails to properly plead official-capacity claims against any Defendant. Moreover, even if it did, the gravamen of Merck's allegations—seen against the actual facts of the state-court proceedings—utterly fail to show any due-process violations.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that this action be dismissed with prejudice.

Dated: January 2, 2019      *s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).